[File No. 6296.]

KATHERINE L. BOWERS and Ella J. Martin, Appellants, v. ANDREW S. HOGAN, Respondent.

(259 N. W. 92.)

Opinion filed December 11, 1934.   Rehearing denied March 13, 1935.

*J. E. Hendrickson* and *John A. Nordin,* for appellant.

*Clair F. Brickner,* for respondent.

CHRISTIANSON, J.   Plaintiffs brought this action to recover a balance alleged to be due the plaintiffs from the defendant upon an indebtedness secured by a chattel mortgage on certain furniture and fixtures in the Holland Hotel in the city of Minneapolis.   The case was tried to a jury and resulted in a verdict in favor of the defendant.

The plaintiffs moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied and they have appealed from the order denying such motion.

The facts necessary to an understanding of the issues presented for determination on this appeal are substantially as follows: In their complaint plaintiffs allege that in October, 1923, the defendant Hogan entered into an agreement with the plaintiffs to purchase from them certain furniture and fixtures and that the purchase price for such property was $22,250; that to secure the said $22,250 the defendant Hogan executed and delivered to the plaintiffs a chattel mortgage covering such furniture and fixtures; that the defendant made stipulated monthly payments until October 5, 1929; that at that time an accounting was had and it was determined that there remained unpaid of the purchase price the sum of $7,144.25. That later the defendant Hogan was given credit for payments upon such indebtedness aggregating $1,165; that thereafter, on account of default on the part of the defendant Hogan in making payments, the plaintiffs caused the chattel mortgage to be foreclosed by advertisement; that sale was had during May, 1930; that the net proceeds of the sale amounted to $1,798 and that after crediting such sum upon the indebtedness there "remains a deficiency due on the said mortgage in the sum of $4,181.25."

It is further alleged that after such foreclosure proceedings the defendant Hogan commenced an action against the above named plaintiffs in the district court of Hennepin county, Minnesota, "for the purpose of testing the validity of said foreclosure proceedings," and that the trial of said action resulted in a judgment in favor of the defendants in that case (the plaintiffs in this case) and against Hogan "determining that all of the proceedings in the foreclosure proceedings . . . were in all respects legal and valid." The defendant Hogan in his answer in this case denies all the allegations of the complaint. The case was tried upon the issues thus formed.

Upon the trial of this action the plaintiffs introduced in evidence a certified copy of the report of the sale under the chattel mortgage; also a certified copy of the judgment-roll in the action instituted by the defendant in the district court of Hennepin county, Minnesota. The plaintiffs also called the defendant Hogan for cross-examination under the statute.

Hogan also testified as a witness in his own behalf. He admitted that he had entered into a contract with the plaintiffs for the purchase of certain furniture and fixtures; also that he had signed a chattel mortgage. He further testified, however, that he had paid the entire indebtedness. The trial court submitted to the jury the question whether the defendant was or was not indebted to the plaintiffs in any sum. The jury by their verdict found the defendant was not so indebted.

The principal contention on the part of the plaintiffs is that the record in the action in Hennepin county conclusively established that the defendant was indebted to the plaintiffs in the sum which it is sought to recover in this action. It is necessary therefore to consider the status of this record. In the complaint in the action in Hennepin county, Minnesota, the defendant Hogan as plaintiff in that action alleged that the foreclosure proceedings were invalid for certain reasons therein stated, and prayed judgment that the foreclosure be declared invalid and that the defendants be enjoined from using the alleged report of the sale as evidence in this action. The plaintiffs here (as defendants in that action) interposed an answer setting forth the execution of the chattel mortgage and the foreclosure of the same, and alleged that there was due to the defendants in that action from the plaintiff (Hogan) therein the sum of $4,181.25; and they prayed judgment that the foreclosure proceedings be declared valid; that in event the same were held to be void that the defendants therein recover judgment against the plaintiff therein for the sum of $4,181.25 with interest, and that the personal property be sold to satisfy such judgment.

The defendants further prayed judgment that in event the court held the chattel mortgage foreclosure proceedings to be valid that then the defendants in that action (the plaintiffs here) have judgment against the plaintiff in that action (the defendant here), for the sum of $4,181.25 and interest.

Hogan interposed a reply to the answer and counterclaim in that action. In such reply he alleged, in part, that he was not personally liable, by virtue of the chattel mortgage or otherwise, for the payment of the sum of $22,250.00 or any part thereof; and that the defendants in that action were not entitled to personal or deficiency judgment

against him by reason of any balance due on the indebtedness secured by said chattel mortgage or otherwise.

The district court of Hennepin county made findings of fact in favor of the defendants in that action to the effect that the chattel mortgage foreclosure proceedings were regular and valid and ordered judgment that the action be dismissed. No findings were made on the counterclaim interposed by the defendants in that action and no judgment was ordered in their favor except for the dismissal of that action with costs. It seems too clear for controversy that the record of the proceedings had in the district court of Hennepin county, Minnesota, wholly failed to establish even prima facie that Hogan is indebted to the defendants in the sum stated in the complaint in this action, or in any sum whatsoever. The judgment in that action determined only one thing, namely, that the chattel mortgage foreclosure was valid and that the plaintiff in that action was not entitled to prevail. In view of the issues framed in that case the judgment record therein, instead of establishing that it was proven in that case that Hogan was indebted to the plaintiffs in the sum claimed in this action it established rather that such fact was not proven, because under the pleadings in that case it would have been entirely competent for the trial court to have rendered personal judgment against Hogan if the proof had established that Hogan was indebted to the defendants in that action as alleged in their counterclaim. It is only the judgment that was rendered in that case that operates as an estoppel against Hogan here. 34 C. J. pp. 765 et seq. And, as said, that judgment failed to adjudge that Hogan was indebted to the plaintiffs here in any sum whatever.

Nor did the report of the chattel mortgage foreclosure sale have the probative effect contended for by the plaintiffs. Clearly that report is not a judicial record. It is merely a report of the person who conducted the foreclosure sale. The notice of the sale with proof of publication thereof is attached to the report. That notice is signed by the plaintiffs here as mortgagees and by their agent or attorney. The name of the person who made the report of the sale, and states that he conducted the sale does not appear on the notice of sale. The report could in no event be proof of any matters except those to which it relates, namely, that certain personal property claimed to be covered by a certain chattel mortgage had been seized and sold under such

mortgage, the notice of such sale, the sale, and the disbursement of the proceeds of the sale. The report does not purport to show whether there was any personal liability on the part of the mortgagor in any sum whatever. The notice of sale, it is true, recites that the mortgagor had failed to pay the debt secured by the mortgage and that there was due and unpaid on such indebtedness the sum of $7,144.25; but this announcement by the mortgagees and their attorney certainly does not constitute proof in this case that there is any personal liability on the part of the mortgagor for this indebtedness.

Appellants cite the decision of this court in Hellstrom v. First Guaranty Bank, 54 N. D. 322, 209 N. W. 379, and contend that under the rule announced in that case the report of sale is evidence that the defendant here is indebted in the amount of the difference between the sum declared to be due in the notice of sale and the proceeds realized on the sale. The decision does not sustain this contention. The situation presented in that case was wholly unlike that presented here. In that case there was no contention that the report of sale would establish the amount of the indebtedness. The report of sale was not offered in evidence for any such purpose. In that case independent evidence was adduced showing that the mortgagors were indebted upon the notes secured by the chattel mortgage. That case involved a controversy between two different holders of chattel mortgage liens on the same property. The defendant in that case had foreclosed its mortgage and sold the property covered thereby under the power of sale contained in the mortgage. The plaintiff in that action contended that she had a first chattel mortgage lien upon the property and brought action against the defendant to recover damages for the alleged conversion of the property. The basis of the defense in that case was that the defendant held a chattel mortgage, which constituted a lien prior to the mortgage held by the plaintiff, and that the defendant had foreclosed such mortgage under the power of sale contained therein and, consequently, it had not converted such property.

"As a part of its proof that its said mortgage had been foreclosed, and as bearing upon the question of what property had been seized by it and sold under its foreclosure proceedings, the defendant offered in evidence the report of said foreclosure sale, after showing that a report

had been made and filed. This report of sale was made by the person who conducted the sale, as auctioneer." 54 N. D. 334, 335.

The report of the foreclosure sale was excluded on objection made by plaintiff's counsel. This court held that this exclusion was error, and that the report was admissible under § 8128, Comp. Laws 1913, which provides that reports of chattel mortgage foreclosure sales by advertisement made in this state "shall be received in all courts as prima facie evidence of the facts therein stated."

In Hellstrom v. First Guaranty Bank, supra, the report of the chattel mortgage foreclosure sale was not offered in evidence for the purpose of proving that the mortgagor was indebted to the mortgagee, or the amount of such indebtedness. It was offered as evidence of "the facts therein stated," namely, "as bearing upon the question of what property had been seized and sold under the foreclosure proceedings."

We are agreed that the report of sale introduced in evidence in this case did not establish that the defendant was indebted to the plaintiffs in the sum alleged in the complaint or in any sum whatsoever. Furthermore, the defendant testified positively and without equivocation that he had paid in full whatever debt he owed the plaintiffs. There was no cross-examination as to the details of the payment. For aught that appears such payment may have been made subsequent to the making of the report. We are all agreed that upon the record presented on this appeal the trial court was entirely correct in refusing to disturb the verdict of the jury. The order appealed from must be, and it is, affirmed.

Burr, Ch. J., and Moellring and Burke, JJ., and Berry, Dist. J., concur.

Nuessle, J., did not participate, Hon. H. L. Berry, Judge of Sixth Judicial District, sitting in his stead.